IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**BILL HOLLOMON,** *et al.*                                                                      **PLAINTIFFS**

v.                                             **4:11-cv-00600 BRW**

**AT&T MOBILITY SERVICES, LLC**                                                  **DEFENDANT**

### ORDER

Before me is the Parties' Joint Notice of Settlement and Motion for Order Approving Settlement Agreement (Doc. No. 13). For the reasons set forth below, the Motion for Order Approving Settlement agreement is DENIED.

I first note that I find that the agreement reached between the Parties is fair.[1] However, I do not agree to seal and make the Settlement Agreement Confidential. The parties cite the now de-certified *Zivali v. AT&T Mobility* collective action, of which Plaintiffs opted-in, as the sole reason for the confidentiality agreement.[2] They state "[t]he principal reason for the confidentiality obligations associated with this settlement agreement is to prevent any one case – which presents inherently individualized claims – from creating unrealistic or false expectations on the part of the hundreds of other former *Zivali* plaintiffs whose cases are [still] pending."[3]

A similar argument was presented in *Baker v. Dolgencorp*.[4] In *Baker*, the court refused to seal a settlement under the Fair Labor Standards Act ("FLSA") when the primary interest the

---

[1] See *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (finding that the settlement of a Fair Labor Standards Act claim must be approved by the court after it has "scruitiniz[ed] the settlement for fairness.").

[2] Doc. No. 13. *Gamze Zivali v. AT&T Mobility LLC.*, 784 F. Supp. 2d 456 (S.D.N.Y. 2011).

[3] *Id*.

[4] 818 F. Supp. 2d 940 (E.D. Va.. 2011).

parties advanced in keeping the settlement confidential was that "sealing [the agreement would] maintain the confidentiality necessary to facilitate meaningful discussions with the approximately 796 pending plaintiffs in other districts by limiting the scope of those negotiations to each plaintiff's specific circumstance."[5]  The court held that "because of the FLSA's underlying public policy, and considering the statute's requirement that any settlement be supervised, the public's right of access to judicial records and documents" outweighed any countervailing interest in keeping the settlement confidential.[6]

Despite the Parties' claim that disclosure of the settlement agreement may create unrealistic expectations for the parties in the *Zivali* case, I find that the public's interest in the terms of this settlement outweigh the need to keep it confidential.  Therefore, I will not approve the settlement agreement as it has been presented to me.

IT IS SO ORDERED this 11th day of May, 2012.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[5] *Id*. at 944.

[6] *Id*. at 945; see also *Bouzzi v. F&J Pine Rest., LLC.*,  No. 10-CV-0457, 2012 WL 85137 (E.D.N.Y. Jan. 11, 2012) (finding that the parties' interest in nondisclosure of the judicially approved FLSA settlement agreement did not outweigh the public's right to access the judicial document.).